1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**JAIMERE PROSSER,**

Petitioner,

v.

**ANDRE MATEVOUSIAN, Warden,**

Respondent.

Case No. 1:15-cv-01830 AWI-MJS (HC)

**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

19
20
21
22
23
24
25
26
27
28

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on December 7, 2015. He is currently incarcerated at United States Penitentiary, Atwater in Atwater, California.

On June 4, 2009, Petitioner was charged in the Southern District of Georgia with three counts of distribution of cocaine, one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, and one count of carrying and using a firearm during a drug trafficking crime, all as part of a thirty-two count indictment involving ten defendants. Prosser v. United States, 2015 U.S. Dist. LEXIS 92099, 1-2 (S.D. Ga. June 17, 2015). Petitioner plead guilty to one count of distribution of five grams

1

1  or more of cocaine and was sentenced to 300 months imprisonment on April 15, 2010.

2  (Id.)

3  Despite several prior attempts to challenge his convictions, Petitioner now claims

4  that he is entitled to relief based on the recent Supreme Court decision in Johnson v.

5  United States, 135 S. Ct. 2551 (2015). (See generally Pet., ECF No. 1 at 1-7.) Petitioner

6  argues that Johnson holds that the imposition of an enhanced sentence under the

7  residual clause of the Armed Career Criminal Act ("ACCA") violates due process

8  because the clause is too vague to provide adequate notice. Id. at 2557. In Petitioner's

9  case, the court of conviction found that prior convictions for resisting arrest and

10  aggravated assault under New Jersey state law qualified as crimes of violence under the

11  residual clause of the ACCA. (See Pet.)

12  **I.     SCREENING THE PETITION**

13  Because the petition was filed after April 24, 1996, the effective date of the

14  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to this

15  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,

16  1499 (9th Cir. 1997).

17  The Rules Governing Section 2254 Cases in the United States District Courts

18  (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28

19  U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a

20  preliminary review of each petition for writ of habeas corpus. The Court must summarily

21  dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that

22  the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v.

23  Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

24  (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief

25  available to the Petitioner; 2) state the facts supporting each ground; and 3) state the

26  relief requested. Notice of pleading is not sufficient; rather, the petition must state facts

27  that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes,

28  1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431

1  U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably
2  incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

3        Further, the Court may dismiss a petition for writ of habeas corpus either on its
4  own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or
5  after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule
6  8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

7  **II.**  **JURISDICTION**

8        A federal court may not entertain an action over which it has no jurisdiction. A
9  federal prisoner who wishes to challenge the validity or constitutionality of his conviction
10  or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
11  under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988). In such
12  cases, only the sentencing court has jurisdiction. <u>Id.</u> at 1163. A prisoner may not
13  collaterally attack a federal conviction or sentence by way of a petition for a writ of
14  habeas corpus under 28 U.S.C. § 2241. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th
15  Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under §
16  2255 in the sentencing court, while petitions that challenge the manner, location, or
17  conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial
18  court."); <u>Tripati</u>, 843 F.2d at 1162.

19        In contrast, a federal prisoner challenging the manner, location, or conditions of
20  that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C.
21  § 2241. <u>Hernandez</u>, 204 F.3d at 865. Petitioner seeks review of his conviction and
22  sentence under § 2241, arguing that recent Supreme Court authority directly impacts the
23  determination and calculation of his sentence. (<u>See</u> Pet.) Because Petitioner is
24  challenging the validity and constitutionality of his federal sentence imposed by a federal
25  court, rather than an error in the administration of his sentence, § 2255's exclusive
26  remedy rule bars the present petition, unless the savings clause applies.

27        A.  <u>Application of The Savings Clause</u>

28        The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

1    authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by

2    motion under § 2255 is "inadequate or ineffective to test the validity of his detention."

3    Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison,

4    519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of

5    § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or

6    ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255

7    motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.

8    1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

9    inadequate). The burden is on the petitioner to show that the remedy is inadequate or

10   ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

11          The Ninth Circuit further held that relief pursuant to § 2241 is available under the

12   'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and

13   (2) has not had an 'unobstructed procedural shot' at presenting that claim. Ivy v.

14   Pontesso, 328 F.3d 1057 (9th Cir. 2003); Stephens v. Herrera, 464 F.3d 895, 898 (9th

15   Cir. 2006). Accordingly, a petitioner must prove both actual innocence and lack of

16   unobstructed procedural opportunity to demonstrate that a remedy under § 2255 is

17   inadequate or ineffective. Ivy, 328 F.3d at 1057. Petitioner fails to meet either of these

18   requirements.

19          B.    Retroactive Application

20          Petitioner argues that Johnson affords him an argument previously unavailable,

21   rendering his § 2255 remedy "inadequate or ineffective." Since Johnson was decided by

22   the Supreme Court on June 26, 2015, the circuit courts have split with regard to whether

23   Johnson should be applied retroactively.

24          The First, Sixth, Seventh, and Eighth Circuits have held that Johnson should

25   apply retroactively. They also found that petitioners in those cases made sufficient *prima*

26   *facie* showings to allow them to proceed to seek relief based on Johnson in a second or

27   successive petition with the district court. Pakala v. United States, 804 F.3d 139, 140

28   (1st Cir. 2015); In re Watkins, 810 F.3d 375 (6th Cir. 2015); Swanson v. United States,

2015 U.S. App. LEXIS 21407 (7th Cir. Sept. 4, 2015); Woods v. United States, 805 F.3d 1152, 1153 (8th Cir. 2015).

However, the Fifth and Tenth Circuits came to the opposite conclusion and found that Johnson was not to be applied retroactively, and that it did not serve as a basis to allow a second or successive petition to proceed.  In re Williams, 806 F.3d 322, 327 (5th Cir. 2015); In re Gieswein, 802 F.3d 1143, 1149 (10th Cir. 2015).

The Supreme Court has now granted certiorari with respect to this issue. The Eleventh Circuit, rather than rule on the retroactivity of Johnson, held an application to file a second or successive petition in abeyance while the United States Supreme Court addressed the issue. In re Johnson, 2016 U.S. App. LEXIS 3531 (11th Cir. Feb. 26, 2016) ("The Supreme Court recently granted certiorari in Welch v. United States, 136 S. Ct. 790, 193 L. Ed. 2d 534, 2016 WL 90594 (U.S. 2016), to decide '[w]hether Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), announced a new substantive rule of constitutional law that applies retroactively to cases that are on collateral review.'")

Petitioner was convicted in the Southern District of Georgia which sits in the Eleventh Circuit. The Eleventh Circuit has not ruled on retroactivity, and instead has held other cases in abeyance until the Supreme Court issues a ruling in Walsh. Retroactivity therefore remains an open question as of the date of issuance of this order.

C.    Actual Innocence

Petitioner's attempt to seek redress by way of a petition for writ of habeas corpus under § 2241 is fatally flawed based on his failure to argue or show that he is actually innocent of the crime of conviction.

The first condition for applying the § 2255 savings clause is to make a showing of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence,

5

petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence. He must not only show that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

As to establishing an actual innocence claim, Petitioner faces an obstacle - the Ninth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence:

> We have not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch. It is clear, however, that Petitioner's claim that two of his prior offenses should no longer be considered "related," and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of "actual innocence" for the purposes of qualifying to bring a § 2241 petition under the escape hatch.

> Our sister circuits are in accord that petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement.

Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012).

Here, Petitioner challenges an enhancement to his sentence under the residual clause of the ACCA. (Pet.) Because Petitioner asserts a sentencing claim, and because the savings clause of § 2255 extends only to petitioners asserting claims of actual innocence regarding their convictions, not their sentences, Petitioner has not set forth a valid actual innocence claim that is cognizable under § 2241.

For the reasons set forth above, Petitioner has not demonstrated that he is actually innocent of the offenses for which he was convicted. Because Petitioner is not entitled to relief under § 2241, it is recommended that his habeas petition will be denied

1    and this proceeding will be dismissed for lack of jurisdiction.

2          D.    Alternative Means to Present Claims

3          To the extent that Petitioner contends that Johnson announces a new substantive

4    rule of constitutional law that applies retroactively to final convictions or sentences which

5    are being challenged through collateral means, he is not without a remedy: he can

6    pursue his challenge in the United States District Court for the Southern District of

7    Georgia which imposed his sentence, through the mechanism of a successive § 2255

8    motion. To proceed in that manner, Petitioner must first seek and obtain permission from

9    the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. If the Eleventh

10   Circuit interprets Johnson as a new substantive rule of constitutional law that applies

11   retroactively to cases which have become final, Petitioner can bring his retroactive

12   Johnson sentencing challenge in the Southern District of Georgia district court where he

13   was originally sentenced.[1]

14   **III.   CONCLUSION AND RECOMMENDATION**

15         Therefore it is RECOMMENDED that the petition for writ of habeas corpus be

16   DISMISSED for lack of jurisdiction.

17         These findings and recommendations are submitted to the United States District

18   Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

19   (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

20   Eastern District of California. Within thirty (30) days after being served with a copy, any

21   party may file written objections with the Court and serve a copy on all parties. Such a

22   document should be captioned "Objections to Magistrate Judge's Findings and

23

24         [1] For a second or successive motion under 28 U.S.C. § 2255 to be considered by a district court, a
panel of the appropriate court of appeals must first certify that the motion contains either "(1) newly
25   discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to
establish by clear and convincing evidence that no reasonable factfinder would have found the movant
26   guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review
by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244.
27   On this requirement, "[A] new rule is not 'made retroactive to cases on collateral review' unless the
Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L. Ed. 2d
28   632 (2001).

Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   March 23, 2016                    /s/ *Michael J. Seng*

                                UNITED STATES MAGISTRATE JUDGE